UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RONNIE A. SLEMP, JR.,

    Petitioner,

v.                                    Case No. 8:21-cv-1582-KKM-TGW

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____

## ORDER

Ronnie A. Slemp, Jr., a Florida prisoner, filed a pro se petition for writ of habeas corpus under 28 U.S.C. § 2254, challenging his state-court conviction for attempted lewd or lascivious molestation. (Doc. 1.) Having considered the petition, (*id.*), the response opposing the petition as time-barred, (Doc. 8), and the reply, (Doc. 9), the petition is dismissed as time-barred. Because reasonable jurists would not disagree, Slemp is also not entitled to a certificate of appealability.

**I.    BACKGROUND**

Slemp pled nolo contendere to one count of attempted lewd or lascivious molestation by a person 18 years of age or older upon a child less than 12 years of age. (Doc. 8-2, Ex. 3.) The charge arose from a July 2013 incident in which Slemp digitally penetrated the vagina of an eight-year-old girl. (*Id.*, Ex. 22, at 15–16.) On March 21, 2014, the trial court sentenced Slemp to 15 years in prison. (*Id.*, Ex. 3, at 4.) He did not file a direct appeal. (*Id.*, Ex. 1.)

Three years later, in November 2017, Slemp filed the first of several postconviction motions in state court. (*Id.*, Exs. 4, 6, 15, 22.) As relevant here, on April 1, 2019, Slemp moved for postconviction relief under Florida Rule of

1

Criminal Procedure 3.850. (*Id.*, Ex. 1, at 4.) This motion rested on "newly discovered evidence" about Detective Leonel Marines, the lead investigator on Slemp's case. Slemp alleged that on March 7, 2019, he "discover[ed] while listening to the news" that Detective Marines had been "forced to resign" from the Bradenton Police Department due to "misconduct." (*Id.*, Ex. 22, at 5.) According to Slemp, Detective Marines had "us[ed] police computers, while on the job, to track down . . . female victims" whom he "later harassed and forced himself on." (*Id.*) Slemp argued that this "newly discovered evidence" rendered his plea involuntary because, had he known that Detective Marines was "untrustworthy" and "possibly a criminal," he would have "insisted on going to trial." (*Id.* at 3–4.)

The postconviction court required Slemp to fix several pleading deficiencies in his Rule 3.850 motion. (*Id.*, Ex. 26, at 2.) He ultimately filed a second amended Rule 3.850 motion, which the court denied in a written order. (*Id.*, Ex. 22, 26.) The court began by noting that "[n]othing in the record indicate[d]" that Slemp "could have the discovered the information [about Detective Marines] any sooner" than March 7, 2019—the date of the news report. (*Id.*, Ex. 26, at 4.) Thus, Slemp "appear[ed]" to satisfy the first prong of a newly discovered evidence claim— namely, that the facts were unknown "at the time of the plea" and Slemp "could not have known of [them] by the use of diligence." (*Id.* at 3–4 (citation omitted).) The court nonetheless denied relief because Slemp failed to show that, "but for the newly discovered evidence, he would not have pleaded guilty and would have insisted on going to trial." (*Id.* at 4–7.)

Slemp appealed, and the appellate court affirmed without a written opinion. (*Id.*, Exs. 29, 30, 32.) The mandate issued on April 6, 2021. (*Id.*, Ex. 33.) Slemp filed

2

his federal habeas petition on June 25, 2021. (Doc. 1.) In his petition, Slemp argues that (1) the "newly discovered evidence" about Detective Marines renders his plea agreement "void and invalid," and (2) the postconviction court erred in denying his Rule 3.850 motion without holding an evidentiary hearing. (*Id.* at 5, 7.)

II.   **ANALYSIS**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) governs this proceeding. *Carroll v. Sec'y, DOC*, 574 F.3d 1354, 1364 (11th Cir. 2009). Under AEDPA, a federal habeas petitioner has a one-year period to file a § 2254 petition. This limitation period runs "from the latest of" four specified dates, including (1) "the date on which the judgment became final" and (2) "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1). The limitation period is tolled for the time that a "properly filed application for State post-conviction or other collateral review" is pending in state court. 28 U.S.C. § 2244(d)(2).

**A. The Petition's Untimeliness Under 28 U.S.C. § 2244(d)**

The parties disagree on when the limitation period began to run. Respondent argues that the clock started on April 21, 2014—the day after Slemp's conviction became final. (Doc. 8 at 5.) Measured by that starting date, the petition would be untimely. Slemp did not seek any postconviction relief in state court until November 2017. (Doc. 8-2, Exs. 1, 4.) By that time, AEDPA's one-year limitation period had already expired. And Slemp did not file his federal habeas petition until June 2021—well outside the one-year window. (Doc. 1.)

Slemp offers a different calculation. He invokes § 2244(d)(1)(D), which runs the clock from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." (Doc. 9 at 5.) If that provision applies, the limitation period arguably began running on March 8, 2019—the day after Slemp heard on the news that Detective Marines had been "forced to resign" from the Bradenton Police Department for "using police computers to st[alk] female victims." (*Id.*) Assuming that his subsequent postconviction filings had tolling effect, the clock ran for 24 days before Slemp filed his Rule 3.850 motion on April 1, 2019. The limitation period was then tolled until April 7, 2021—the day after the mandate issued in the appeal from the denial of Rule 3.850 relief. At that point, Slemp would have had until March 14, 2022, to file a federal habeas petition. He claims he met that deadline by submitting his petition on June 25, 2021. (*Id.* at 4.)

I assume, without deciding, that the limitation period began to run on March 8, 2019—the day after Slemp allegedly learned about Detective Marines's misconduct. Even with that later start date, however, the petition is still untimely. That is because Slemp's Rule 3.850 motion based on newly discovered evidence was not "properly filed" for purposes of § 2244(d)(2) and thus had no tolling effect. Under the correct calculation of the limitation period, Slemp had until March 9, 2020, to file his federal petition. Because he missed that deadline by over a year, his petition is untimely.

"[A] state court motion for post-conviction relief cannot be considered 'properly filed' for tolling under [§] 2244(d)(2) if the motion was untimely under state law." *Jones v. Sec'y, Fla. Dep't of Corr.*, 906 F.3d 1339, 1342 (11th Cir. 2018)

4

(citing *Pace v. DiGuglielmo*, 544 U.S. 408 (2005)). Under Rule 3.850(b), a Florida prisoner must move for postconviction relief within two years of the date the judgment becomes final. An exception to that deadline applies when the motion "alleges that . . . the facts on which the claim is predicated were unknown to the movant or the movant's attorney and could not have been ascertained by the exercise of due diligence, and the claim is made within 2 years of the time the new facts were or could have been discovered with the exercise of due diligence." Fla. R. Crim. P. 3.850(b)(1).

In the operative Rule 3.850 motion, Slemp sought to excuse his "belated" request for postconviction relief by invoking the "limited exception" in Rule 3.850(b)(1).[1] (Doc. 8-2, Ex. 22, at 2.) He argued that the exception applied based on "newly discovered evidence" about Detective Marines. (*Id.* at 1, 4.) To qualify as "newly discovered" in the guilty-plea context, evidence must meet two conditions. "First, the evidence must not have been known by the trial court, the party, or counsel at the time of the plea, and it must appear that the defendant or defense counsel could not have known of it by the use of diligence." *Long v. State*, 183 So. 3d 342, 346 (Fla. 2016). "Second, the defendant must demonstrate a reasonable probability that, but for the newly discovered evidence, the defendant would not have pleaded guilty and would have insisted on going to trial." *Id.*

---

[1] The operative Rule 3.850 motion was the second amended motion, which Slemp filed on October 8, 2019. (Doc. 8-2, Ex. 22, at 1.) The second amended motion related back to the initial Rule 3.850 motion, which was filed on April 1, 2019. (*Id.*, Ex. 1, at 4; *see also Morris v. Sec'y, Fla. Dep't of Corr.*, 991 F.3d 1351, 1354 (11th Cir. 2021) ("Under Florida law, when a post-conviction motion is denied with leave to amend and a movant files a proper amended motion, the amended motion relates back to the date of the original filing.").)

5

The postconviction court acknowledged that Slemp was "past the two-year deadline for filing a postconviction motion." (Doc. 8-2, Ex. 26, at 3.) It therefore considered whether Slemp "qualifie[d] for the exception permitted by Rule 3.850(b)(1)." (*Id.*) The court found that Slemp "appear[ed]" to satisfy the "first prong" of the test because there was no indication that he "could have discovered the information [about Detective Marines] any sooner" than March 7, 2019. (*Id.* at 4.) Nonetheless, the court held that Slemp failed the second prong because he could not establish "a reasonable probability" that he "would have insisted on going to trial" had he known about Detective Marines's misconduct. (*Id.* at 7.) Based on that finding, the court denied relief. (*Id.*)

The court did not expressly deny the Rule 3.850 motion as untimely. It is clear, however, that the denial rested on the motion's untimeliness. Slemp filed his motion over two years after his judgment became final, so it was untimely under Rule 3.850(b)'s two-year limitation period. To proceed, Slemp needed to establish that the newly discovered evidence exception applied to his claims. By finding that Slemp's allegations failed to invoke this exception, the postconviction court necessarily denied the motion as untimely. *See Jones*, 906 F.3d at 1346 (holding that a state court need not use "[m]agic words" or make a "clear and unambiguous ruling" for a federal court to determine that a Rule 3.850 motion was denied as untimely); *Kellum v. Sec'y, Dep't of Corr.*, No. 8:20-cv-473-KKM-MRM, 2022 WL 17832397, at *3 (M.D. Fla. Dec. 21, 2022) (holding that state court rejected postconviction motion as untimely under Rule 3.850(b)(1) because it found that one claim did not "meet the definition of newly discovered evidence" and the

6

other claim was "not of such a nature that it would probably produce an[] acquittal on retrial").

Accordingly, even if AEDPA's limitation period began to run on March 8, 2019—the later of the two possible start dates—Slemp is not entitled to any tolling for his untimely Rule 3.850 motion. That means his federal habeas petition was due on March 9, 2020.[2] Because he did not file his petition until June 25, 2021, it is untimely under § 2244(d).

### B. Actual Innocence

Slemp appears to contend that he is actually innocent.[3] *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) (permitting review of an untimely § 2254 petition if petitioner proves his actual innocence). He maintains that the "newly discovered" evidence about Detective Marines "cast[s] doubt on the credibility of the detective responsible for conducting the investigation into the allegations being made in this case." (Doc. 9 at 6–7.) To prove his actual innocence, Slemp must establish that in the light of new evidence, "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Perkins*, 569 U.S. at 386 (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)); *see also Bousley v. United States*, 523 U.S. 614, 623 (1998) (applying *Schlup* in the guilty-plea context); *Justo v. Culliver*, 317 F. App'x 878, 880 (11th Cir. 2008) (same). An actual-innocence claim must be supported "with new reliable evidence—whether it be exculpatory

---

[2] The last day of the limitation period—March 7, 2020—fell on a Saturday. Accordingly, Slemp had until Monday, March 9, 2020, to file his federal habeas petition. *See* Fed. R. Civ. P. 6(a)(1)(C) ("[I]f the last day [to file] is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.").

[3] Slemp does not argue that he is entitled to equitable tolling.

scientific evidence, trustworthy eyewitness accounts, or critical physical evidence." *Schlup*, 513 U.S. at 324. The category of cases that satisfy this standard is "severely confined." *Perkins*, 569 U.S. at 394-95.

Slemp claims that, several years after the events of this case, Detective Marines was forced to resign for "using police computers, while on the job, to track down . . . female victims" whom he "later harassed and forced himself on." (Doc. 8-2, Ex. 22, at 5.) This allegation falls far short of establishing that Slemp is actually innocent. There is no evidence that Detective Marines engaged in such misconduct while investigating Slemp's case. Indeed, Slemp offers no timeframe at all for Detective Marines's alleged malfeasance. At best, the new evidence could be used to impeach Detective Marines's credibility. But impeachment evidence "is a step removed from evidence pertaining to the crime itself" and thus "provides no basis for finding" actual innocence. *Calderon v. Thompson*, 523 U.S. 538, 563 (1998); *see also McDowell v. Lemke*, 737 F.3d 476, 484 (7th Cir. 2013) ("The voluminous evidence of Detective Guevara's misfeasance in other cases . . . fails to establish that [petitioner] was actually innocent. Even if we believed all of the allegations, they remain collateral to [petitioner's] case."); *Esty v. Sec'y, Fla. Dep't of Corr.*, No. 15-13574-B, 2017 WL 3393405, at *4 (11th Cir. Mar. 10, 2017) (noting that "impeachment material . . . is not sufficient to show actual innocence").

Furthermore, as the postconviction court explained, "the entire case did not rest on the credibility of" Detective Marines. (Doc. 8-2, Ex. 26, at 6.) During the incident in question, Slemp digitally penetrated the vagina of an eight-year-old girl, who "proceeded to scream" as Slemp touched her. (*Id.*, Ex. 22, at 15.) The victim's grandmother "ran to check on [the victim]" and asked "what was wrong."

(*Id.*) The victim then "stated that [] Slemp touched her vagina." (*Id.*) As the postconviction court noted, "the victim and the victim's family's testimony would have likely been available at trial." (*Id.*, Ex. 26, at 6.) And the evidence about Detective Marines's unrelated misconduct "does not appear to affect the material facts or reliability of any of the other witnesses' potential testimony." (*Id.* at 7.)

In short, Slemp cannot show that, in the light of the new information about Detective Marines, "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Perkins*, 569 U.S. at 386. He thus fails to establish that he is actually innocent.

## III.   CERTIFICATE OF APPEALABILITY

Slemp is not entitled to a certificate of appealability (COA). A prisoner seeking a writ of habeas corpus has no absolute entitlement to a COA. 28 U.S.C. § 2253(c)(1). The district court or circuit court must issue a COA. *Id*. To obtain a COA, Slemp must show that reasonable jurists would debate both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because the petition is time-barred, Slemp cannot satisfy the second prong of the *Slack* test. As Slemp is not entitled to a COA, he is not entitled to appeal in forma pauperis.

The Court therefore **ORDERS** that Slemp's petition for writ of habeas corpus (Doc. 1) is **DISMISSED with prejudice as time-barred**. The **CLERK** is directed to enter judgment against Slemp and in Respondent's favor and to **CLOSE** this case.

**ORDERED** in Tampa, Florida, on March 20, 2024.

Kathryn Kimball Mizelle
United States District Judge